UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**DAVID JONES, #594379,**

    Petitioner,

                                                Civil No: 07-CV-10784
                                                HONORABLE ARTHUR J. TARNOW

v.

**RAYMOND BOOKER, et. al.**

    Respondent.

___

### OPINION & ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS WITHOUT PREJUDICE & SEVERING CIVIL RIGHTS CLAIMS

**I. Introduction**

This case appears to be a hybrid of civil rights and habeas issues.[1] Even though Petitioner states that he is "unconstitutionally detained and imprisoned by the respondents;" and he brings this action against the warden of his correctional facility, Petitioner also brings this action against Muskegon County asserting claims against Muskegon police officers for excessive force, illegal search and seizure, false imprisonment, unlawful arrest, as well as malicious prosecution claims.

Petitioner is a state prisoner currently confined at the Ryan Correctional Facility in Detroit,

---

[1] However, Petitioner has erroneously brought this action under 28 U.S.C. §1651. To the extent that Petitioner is challenging his conviction there is a specific statute already in place which addresses such a legal challenge (i.e., habeas corpus action under 28 U.S.C. §2254). To the extent that this is a civil rights case, 42 U.S.C. §1983 is the appropriate statutory mechanism for Petitioner to exhaust. A motion for a writ of error *coram nobis* ("a device for correcting fundamental errors in both civil and criminal cases") pursuant to the All Writs Act, 28 U.S.C. §1651, must be presented to the court that pronounced the judgment, and is not available in federal court for errors of law. *U.S. v. Johnson,* 237 F.3d 751, 753 (6th Cir. 2001); see also *Campbell v. Breck,* 1997 WL 211251, *1 (6th Cir. Apr. 28, 1997). This Court did not pronounce the judgment the Petitioner challenges, thus it would be improper for Petitioner to bring this action pursuant to a writ of error *coram nobis*.

Michigan. Petitioner was convicted of drug related offenses and for felony firearm. He asserts that he filed an appeal with the Michigan Court of Appeals where his conviction was affirmed. However, Petitioner's pleadings do not indicate that he proceeded through the state appellate process any further, nor that he filed any motions seeking collateral relief. Petitioner now seeks relief by filing this action with the Court making the above stated claims.

## II. Discussion

### A. Habeas Claims

To the extent that this is a habeas action, a prisoner confined pursuant to a Michigan conviction must raise each habeas issue in both the Michigan Court of Appeals and in the Michigan Supreme Court before seeking federal habeas corpus relief. *Welch v. Burke*, 49 F. Supp. 2d 992, 998 (E.D. Mich. 1999). Therefore, a prisoner filing a petition for a writ of habeas corpus under 28 U.S.C. §2254 must first exhaust all state remedies. *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999); *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994). The burden is on the petitioner to prove exhaustion. *Rust*, 17 F.3d at 160. Exhaustion requires that a petitioner provide the state courts with the opportunity to correct any constitutional violations by invoking "one full round" of the state's appellate review process. Federal habeas law provides that a habeas petitioner is only entitled to relief if he can show that the state court adjudication of his claims resulted in a decision that was contrary to, or involved an unreasonable application, of, clearly established federal law as determined by the Supreme Court of the United States. *See* 28 U.S.C. §2254(d). The state courts must first be given a fair opportunity to rule upon Petitioner's habeas claims before he can present those claims to this Court. Otherwise, the Court cannot apply the standard found at 28 U.S.C.

§2254.

Here, Petitioner failed to file an appeal with the Michigan Supreme Court and did not file any collateral pleadings with the state courts relative to his conviction. As such, his claims are not exhausted. Because the state courts have not had the opportunity to review Petitioner's habeas claims, the Court cannot adjudicate Petitioner's case.

Moreover, the Michigan Court Rules provide a process through which Petitioner may raise his unexhausted claims. Petitioner can file a motion for relief from judgment pursuant to Mich. Ct. R. 6.500 et. seq., which allows the trial court to appoint counsel, seek a response from the prosecutor, expand the record, permit oral argument and conduct an evidentiary hearing on Petitioner's claims. Petitioner may appeal the trial court's disposition of his motion for relief from judgment to the Michigan Court of Appeals and Michigan Supreme Court. Petitioner's unexhausted claims should be addressed to, and considered by, the state courts in the first instance.

### B. Civil Rights Claims

To the extent that this is a civil rights matter, the Court finds that this cause of action should be severed without prejudice to the Petitioner's right to file a separate action raising the above stated Fourth Amendment, malicious prosecution and 42 U.S.C. §1983 claims (although not articulated as such). See *Artis v. Dretke,* 2006 WL 1061915, *3 (S.D. Tex. April 21, 2006).

## III. Conclusion

For the reasons stated above, Petitioner has not fully exhausted his state court remedies; and his civil rights claims should be severed from the habeas matter.

Accordingly,

3

*Jones v. Booker* Case No. 07-10784

IT IS ORDERED that the habeas petition is **DISMISSED WITHOUT PREJUDICE**. Petitioner may move to reopen his federal habeas corpus petition under its present case number within **sixty (60) days** of exhausting his state court remedies.

IT IS FURTHER ORDERED that the above stated civil rights claims are **SEVERED** from *Jones v. Booker,* No: 07-10784, and separately docketed under a new case number.

IT IS FURTHER ORDERED that the Clerk of the Court shall place a copy of the pleading in a new file for Petitioner's civil rights lawsuit.

IT IS FURTHER ORDERED that the Clerk of the Court file and assign the case to the undersigned judge.

IT IS FURTHER ORDERED that Petitioner file an amended civil rights complaint using the attached forms within **thirty (30) days** of the entry of this Order. Failure to comply timely may result in dismissal of this suit for want of prosecution.

S/Arthur J. Tarnow
Arthur J. Tarnow
United States District Judge

Dated: September 24, 2007

I hereby certify that a copy of the foregoing document was served upon counsel of record on September 24, 2007, by electronic and/or ordinary mail.

S/Catherine A. Pickles
Judicial Secretary